Eric M. Poulin
CA State Bar N0. 298476
Roy T. Willey, IV (*Pro Hac Vice Admission Pending*)
Anastopoulo Law Firm
32 Ann Street
Charleston, SC 29403
(843) 614-8888

-and-

John C. Bohren
CA State Bar No. 295292
Bohren Law
501 W. Broadway Suite 800
San Diego CA 92101
(619) 433-2803

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BRIDGET MCCARTHY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOYOLA MARYMOUNT UNIVERSITY,<br><br>Defendant. | **CASE NO.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bridget McCarthy ("Plaintiff") by and through undersigned counsel, brings this action against Loyola Marymount University ("Defendant" or the "University") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this case as a result of Defendant's decision to close campus, constructively

Class Action Complaint   -   Case No.

evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Classes from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3. Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Classes for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Classes are owed on a pro-rata basis, together with other damages as pled herein.

**PARTIES**

5. Defendant Loyola Marymount University is an institution of higher learning located in Los Angeles, California.

6. Upon information and belief, Defendant has an estimated endowment of approximately $412 Million.[1]

7. Moreover, upon information and belief, Defendant is eligible to receive federal stimulus under the CARES Act.  The Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff is an individual and a resident and citizen of California.

[1] http://endowments.com/loyola-marymount-university/

Class Action Complaint  -  Case No.

9.  Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying marketing and studio arts.

10. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing, or otherwise.

11. There are hundreds, if not thousands, of institutions of higher learning in this country.

12. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

13. Defendant's institution offers in person, hands on curriculum.

14. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

15. Defendant markets the on-campus experience as a benefit of enrollment:[2]

> Loyola Marymount University offers rigorous undergraduate, graduate, and professional programs to academically ambitious students committed to lives of meaning and purpose. We benefit from our location in Los Angeles, a dynamic city that brings into sharp focus the issues of our time and provides an ideal context for study, research, creative work, and active engagement. By intention and philosophy, we invite men and women diverse in talents, interests, and cultural backgrounds to enrich our educational community and advance our mission:

16. As such, Defendant acknowledges that tuition for in person instruction at Defendant's institution covers not just the academic instruction, but encompasses an entirely different experience which includes but is not limited to:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.    Student governance and student unions;

[2] https://www.lmu.edu/academics/provost/ourmission/

Class Action Complaint   -   Case No.

iv.   Extra-curricular activities, groups, intramurals, etc;

v.   Student art, cultures, and other activities;

vi.   Social development and independence;

vii.   Hands on learning and experimentation; and

viii.   Networking and mentorship opportunities.

17. Moreover, common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

18. Plaintiff's education has changed from in-person hands on learning to online instruction.

19. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

20. In addition to tuition, Plaintiff was required to pay certain mandatory fees that are charged to all students, including but not limited to:

a.  Recreation Facility Fee;

b.  Lab Fees;

c.  Student Activity Fee; and

21. Upon information and belief, Defendant also charges other voluntary fees for specific services such as parking fees and recreation center memberships.

22. As a result of being moved off campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.  For example, Plaintiff has lost access to the recreation facility and the campus lab facilities, and has been deprived of the opportunity to participate in student activities.

**JURISDICTION AND VENUE**

23. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act

("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

24. This Court has personal jurisdiction over Defendant because Defendant conducts business in California and has sufficient minimum contacts with California.

25. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an institution domiciled and doing business in this district.

**FACTUAL ALLEGATIONS**

26. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 13, 2020.[3]

27. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 8, 2020 and commencement ceremonies on May 9, 2020 and May 10, 2020.[4]

28. Accordingly, Defendant's Spring term was scheduled to last approximately 116 days.

29. Defendant's Spring break began on or about March 9, 2020 and was supposed to end on or about March 13, 2020.[5]

30. However, as a result of the COVID-19 pandemic, Defendant announced on March 13, 2020 that it was moving all classes online for the remainder of the semester.[6]

31. In this communication, Defendant announced the immediate limitation of operations and services throughout campus facilitates, cancelled all student events, and asked "students to

---

[3] https://registrar.lmu.edu/academicresources/calendars-academic/
[4] Id.
[5] Id.
[6] https://www.lmu.edu/coronavirus/communitymessages/extensionofonlineinstructionthroughtheendofspring2020semester/

Class Action Complaint   -   Case No.

remain at home or to return to their off-campus residences."  Defendant also announced that on-campus housing would be officially closing on March 22, 2020.[7]

32. Accordingly, Students were deprived of approximately 48% of the semester with respect to the in-person instruction and access to campus facilities for which they had already paid.

33. Almost immediately, students began demanding pro-rated refunds for the tuition, fees and charges demanded in this action.

34. A change.org petition was created by a University student on or about the middle of March.[8]

35. Among other things, the students have called for:

> **REIMBURSEMENT / PARTIAL REFUND:** Student reimbursement is necessary, especially given that tuition not only consists of classes, but also room and board, library/academic resources, the gym, amenities, campus organizations/activities, and campus upkeep. If students are not attending classes or utilizing housing that they have already paid for because of an action made by the University, they should be refunded.

> **QUALITY OF EDUCATION**: Transitioning to online courses rather than continuing to facilitate them in person diminishes the quality of education students receive. Students will not have the same face-to-face interactions with our professors and peers in the intimate class settings that LMU champions as a foundation of its educative quality. Moreover, many majors are not designed for virtual or online learning (i.e. film production, studio arts, theatre arts, etc.), and forcing them to switch to remote, virtual, or online forms of learning will be ineffective in allowing students to fully immerse themselves in what they're learning, take advantage of resources, or have access to proper equipment.

36. As of the drafting of this Complaint, the petition has just shy of 5,000 signatures which, upon information and belief, represents more than half of Defendant's study body.

37. On or about April 2, 2020, Defendant made an announcement regarding refunds.  Defendant announced that it would not be issuing any refunds for tuition.  Pursuant to this

---

[7] Id.
[8] https://www.change.org/p/loyola-marymount-university-lmu-do-right-by-your-students

Class Action Complaint   -   Case No.

announcement, Defendant promised to do a student housing refund pro-rated from March 22, 2020. Defendant also promised to issue a "partial" refund or credit for meal plans, parking, and recreation fees. The announcement did not address any refunds for any of the other fees, including the student activity fee.[9]

38. Defendant has offered no explanation for how these refunds were calculated, and the same appear to be wholly arbitrary.

39. Likewise, these refunds are wholly inadequate.

40. The student housing refund promised by Defendant is only being prorated from March 22, 2020, although the Defendant asked students to vacate student housing on March 13, 2020.

41. The Defendant has offered no explanation as to how the "partial" refund for meals, parking and the recreation fee has been calculated.

42. Plaintiff's Recreation Facility Fee for the Spring Semester was $85. The University refunded $37.40 of this fee, or 44%.

43. Conversely, Plaintiff's parking permit fee was $374.50. The University refunded $125 of this fee, or roughly 33.3%.

44. The Defendant has refused and continues to refuse to discount or refund other fees and tuition.

45. Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Tuition Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

46. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of their lives.

47. Additionally, Plaintiffs and members of the proposed Fees Class have been and will be

[9] https://t.e2ma.net/message/hi9ahc/p82h90

deprived of utilizing services for which they have already paid, such as access to campus

facilities, and other opportunities.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the

provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the
University for the Spring 2020 semester who were denied live in-person instruction
and forced to use online distance learning platforms for the latter portion of that
semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the
University for the Spring 2020 semester.

49. Excluded from the Classes are The Board of Trustees of Loyola Marymount University (or

other governing body) and any of their respective members, affiliates, parents, subsidiaries,

officers, directors, employees, successors, or assigns; and the judicial officers, and their

immediate family members, and Court staff assigned to this case.  Plaintiff reserves the right

to modify or amend the Class definitions, as appropriate, during the course of this litigation.

50. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

can prove the elements of his claims on a class-wide basis using the same evidence as would

be used to prove those elements in individual actions alleging the same claims.

51. This action has been brought and may be properly maintained on behalf of the Class

proposed herein under Federal Rule of Civil Procedure 23.

### **Numerosity: Fed. R. Civ. P. 23(a)(1)**

52. The members of the Class are so numerous and geographically dispersed that individual

joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records. Upon information and belief, enrollment at Defendant's University is approximately 9,682 students. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

53. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    i.    Whether Defendant engaged in the conduct alleged herein;

    ii.    Whether there is a difference in value between online distance learning and live in-person instruction;

    iii.    Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

    iv.    Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

    v.    Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

    vi.    Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to

cover;

vii.    Whether certification of any or all of the classes proposed herein is appropriate under
Fed. R. Civ. P. 23;

viii.   Whether Class members are entitled to declaratory, equitable, or injunctive relief,
and/or other relief; and

ix.    The amount and nature of relief to be awarded to Plaintiff and the other Class
members.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

54. Plaintiff's claim is typical of the other Class member's claims because, among other things,
all Class members were similarly situated and were comparably injured through Defendant's
wrongful conduct as set forth herein.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

55. Plaintiff is an adequate Class representative because her interests do not conflict with the
interests of other members of the Class he seeks to represent.  Plaintiff has retained counsel
competent and experienced in complex litigation; and Plaintiff intends to prosecute the
action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff
and her counsel.

**Superiority: Fed. R. Civ. P. 23(b)(3)**

56. A class action is superior to any other available means for the fair and efficient adjudication
of this controversy, and no unusual difficulties are likely to be encountered in the
management of this class action.  The damages or other financial detriment suffered by
Plaintiff and other Class members are relatively small compared to the burden and expense
that would be required to individually litigate their claims against Defendant, so it would be
impracticable for members of the Class to individually seek redress for Defendant's wrongful

Class Action Complaint   -   Case No.

conduct.

57. Even if Class members could afford individual litigation, the Court system likely could not.
Individualized litigation creates a potential for inconsistent or contradictory judgments, and
increases the delay and expense to all parties and the court system.  By contrast, the class
action device presents far fewer management difficulties and provides the benefits of single
adjudication, economy of scale, comprehensive supervision by a single court, and finality of
the litigation.

**Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)**

58. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3),
Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

59. The University has acted or refused to act on grounds generally applicable to Plaintiff and
the other Class members, thereby making appropriate final injunctive relief and declaratory
relief, as described herein, with respect to the Class members as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION
BREACH OF CONTRACT
(Plaintiff and Other Members of the Tuition Class)**

60. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

61. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

62. Plaintiff and the Tuition Class entered into contracts with the University which provided that
Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of
students and, in exchange, the University would provide live in-person instruction in a
physical classroom.

63. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they
paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan

financing, or otherwise.

64. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

65. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

66. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

67. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

68. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

69. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

70. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

71. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

72. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when

they paid the tuition.

73. Defendant has realized this benefit by accepting such payment.

74. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

75. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

76. Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION
BREACH OF CONTRACT
(Plaintiff and Other Members of the Fees Class)**

77. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

78. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

79. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

80. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

81. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

82. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

83. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

84. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Fees Class)**

85. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

86. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

87. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

88. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

89. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

90. Defendant has realized this benefit by accepting such payment.

91. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

92. Equity and good conscience requires that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

93. Defendant should be required to disgorge this unjust enrichment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Classes, prays for judgment in their favor and against Defendant as follows:

a.     Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.     Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.     Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d.     Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f.     Scheduling a trial by jury in this action;

g.     Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h.      Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i.     Awarding such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

[signatures on following page]

1    Dated this 26th day of May, 2020

2

3

4

5                               **ANASTOPOULO LAW FIRM, LLC**

6                               __/s/ Eric M. Poulin _

7                               Eric M. Poulin
                              CA State Bar No. 298476

8                               Roy T. Willey, IV (*pro hac vice motion pending*)
                              32 Ann Street

9                               Charleston, SC 29403

10                              (843) 614-8888
                              eric@akimlawfirm.com

11                              roy@akimlawfirm.com

12

13                               **BOHREN LAW**
                              John C. Bohren

14                               CA State Bar No. 295292
                              Bohren Law

15                               501 W. Broadway Suite 800
                              San Diego CA 92101

16                               (619) 433-2803

17                               **ATTORNEYS FOR PLAINTIFF(S)**

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint - Case No.